Mark A. Platt, Esq.
State Bar No. 00791453
FROST BROWN TODD LLP
2101 Cedar Springs Road
Rosewood Court Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

Ivan M. Gold (*Pro Hac Vice to be filed*)
California State Bar No. 121486
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415-837-1516

ATTORNEYS FOR LANDLORD ALDERWOOD MALL L.L.C.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **STEEPOLOGIE, LLC,** | § | **Case No. 23-10671-HCM** |
| | § | |
| Debtor. | § | |
| | § | |

### MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND OTHER APPROPRIATE RELIEF

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

Alderwood Mall L.L.C. ("Landlord" or "Alderwood") files its *Motion to Compel Payment of Post-Petition Rent and Other Appropriate Relief* (the "Motion") and respectfully moves this Court as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the Western District of Texas has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1134. This matter is a contested matter brought pursuant to Bankruptcy Code section 365(d)(3) and Rule 9014 of Bankruptcy Local Rules. This is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(A), (B) and (O).

## II. BACKGROUND

2. On August 25, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division. Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to Bankruptcy Code section 1184. Eric Terry has been appointed as the subchapter V Trustee.

3. Alderwood is an approximately 1,500,000 square foot regional shopping mall owned and operated by Landlord in Lynwood, Washington.[1] On or about May 23, 2019, Landlord, as landlord, and Debtor, as tenant, entered into that certain written Lease (the "Lease") with respect to retail premises located at Space Number 214 of Alderwood, consisting of approximately 884 square feet (the "Premises"). A copy of the Lease is attached to this Motion as **Exhibit A**.

---

[1] Alderwood is a "shopping center" as that term was defined in *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1087-1089 (3rd Cir. 1990).

4.     On September 18, 2023, Debtor filed its *Emergency Second Motion to Reject Unexpired Leases of Non-Residential Real Property and Executory Contract* [Docket No. 26] (the "Rejection Motion"), seeking, among other things, to reject the Lease effective September 30, 2023.

5.     Monthly rent and charges due under the Lease are currently $6,980.00 per month, payable on the first (1st) of each month, as more particularly provided in the Lease.[2]

6.     Here, in violation of Bankruptcy Code section 365(d)(3), post-petition rent and charges accruing under the Lease for the month of September 2023 in the sum of $6,980.00 have not been paid. Attached hereto as **Exhibit B** is a copy of the Landlord's summary of outstanding rent and charges, payments through September 2023. Alderwood should be allowed an administrative claim in the sum of $6,980 and Debtor should be compelled to immediately pay to Alderwood the unpaid post-petition, pre-rejection rent and charges due under the Lease.

### III. RELIEF REQUESTED

7.     By its Motion, Landlord seeks entry of an Order by this Court allowing and directing immediate payment of an administrative priority claim for unpaid post-petition rent and charges due under the Lease, as required by Bankruptcy Code section 365(d)(3), in the sum of $6,980.00. Landlord should also be awarded its attorneys' fees in at least the additional sum of $1,000.00 incurred in making this Motion and compelling the payment of post-petition lease obligations, as authorized by the terms of the parties' Lease.

---

[2]    Pursuant to a Settlement and Release Agreement between Landlord and Debtor, dated June 25, 2021, as subsequently modified, Debtor was responsible for the payment of certain arrearages under the Lease at the rate (as of the Petition Date) of $2,607.80 per month. These sums are not the subject of this Motion.

## IV. BASIS FOR RELIEF REQUESTED

8. The Bankruptcy Code affords lessors of nonresidential real property specific protections with regard to post-petition, pre-rejection rental obligations. Bankruptcy Code section 365(d)(3) provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) if this title.

9. The plain language of Section 365(d)(3) and applicable case law requires Debtor's immediate payment of the post-petition, pre-rejection obligations under the Lease. The pending Rejection Motion does not alter this mandate. "The plain and unconditional language of the statute demands that a trustee promptly pay the full amount of rent due under a nonresidential real property lease during the 60-day [now 120-day] period pending assumption or rejection [of the lease]." *Augusta Mall Partnership v. Twigland Fashions (In re Twigland Fashions, Inc.),* 198 B.R. 199, 200 (W.D. Tex. 1996), citing *In re Pacific-Atlantic Trading Co.,* 27 F.3d 401, 404 (9th Cir. 1994); *In re Appletree Markets, Inc.*, 139 B.R. 417, 421 (Bankr. S.D. Tex. 1992) ("The plain language of the statute is clear. Section 365(d)(3) provides for timely performance of all obligations of the debtor from and after the order for relief.").

10. The legislative history of Bankruptcy Code section 365 suggests that its purpose of the 1984 Amendments to Section 365 was "to relieve the burden placed on nonresidential real property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." *Omni Partners, L.P. v. Pudgie's Development of NY, Inc. (In re Pudgie's Development of NY, Inc.*), 239 B.R. 688, 692 (S.D.N.Y. 1999) (citing 130 Cong. Rec. S8894-95 (daily ed. June 29, 1994) (statement of Sen. Hatch); *accord*, *In re Appletree Markets, Inc.*, *supra*, 139 B.R. at 419-420 (discussing legislative history of 1984 amendments to

Section 365). Prior to these amendments, the Bankruptcy Code did not require a trustee to perform its obligations under a nonresidential lease, but the landlord was forced to provide services to the debtor-tenant. Congress specifically chose to protect real property lessors because "the Landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment. No other creditor is put in this position." *Id.*; *see also In re Warehouse Club, Inc.*, 184 B.R. 316, 317 (Bankr. N.D. Ill. 1995) ("The purpose of § 365(d)(3) is to prevent landlords from becoming involuntary post-petition creditors of the bankruptcy estate.").

11. Contrary to Bankruptcy Code section 365(d)(3) and applicable case law, Alderwood is plainly not receiving "current payment" for the "current services" which it is compelled to provide pending the Debtor's rejection of the Lease. Debtor should accordingly be compelled to immediately pay all post-petition rent and charges due to Alderwood under the Lease. There can be no serious question that, prior to rejection of the Lease, Debtor cannot continue to use and occupy the Premises "rent free," and that Alderwood is entitled to allowance of an administrative claim for unpaid September 2023 rent and charges, and payment thereof, under Bankruptcy Code section 365(d)(3).

12. Accordingly, the Court should order immediate payment of unpaid post-petition, pre-rejection rent and charges due to Alderwood. "The language of § 365(d)(3) requires an estate representative to make immediate payment of nonresidential lease obligations where the estate representative can meet those obligations consistent with its obligations to others." *In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003). "No notice or hearing is required, the [lease] obligations are simply required to be met in a timely fashion." *In re C.Q., LLC*, 343 B.R. 915, 917 (Bankr. W.D. Wisc. 2005).

13. It is well established that, absent express statutory language, the bankruptcy court may not establish priorities among various administrative claimants. *See, e.g., In re Lazar*, 83 F.3d 306, 308-309 (9th Cir. 1996) ("Under the Bankruptcy Code, administrative expense creditors must be treated equally and the court should not set up its own order of priorities."); *In re Vale*, 204 B.R. 716, 728 fn.15 (Bankr. N.D. Ind. 1996); *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994); *see also In re Valley Media, Inc.*, *supra*, 290 B.R. at 77. <u>At a minimum</u>, Alderwood should be paid current on an equal basis with other accruing, post-petition obligations of the bankruptcy estate. *See In re Pacific-Atlantic Trading Co.*, *supra*, 27 F.3d at 405 (rejecting an interpretation of Section 365(d)(3) that would reward trustees [or debtors-in-possession] for failing to timely perform lease obligations).[3] While Bankruptcy Code section 1191(e) does permit certain administrative expense claims under Bankruptcy Code section 503(b) to be paid out over the term of a subchapter V plan, it has been held that unpaid, pre-rejection administrative rent under Section 365(d)(3) does not qualify for this treatment. *See*, *e.g.*, *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 347 fn. 82 (Bankr. S.D. Fla. 2020).

---

[3] Alternatively, Alderwood should be granted adequate protection under Bankruptcy Code section 363(e) for Debtor's pre-rejection use and occupancy of the Premises. *See, e.g., Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.),* 783 F.2d 1283, 1286-1287 (5th Cir. 1986) (recognizing landlord's right to adequate protection); *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (noting that a "landlord's right to adequate protection seems to follow clearly from the language of §363(e) …."); *In re Ernst Home Center, Inc., supra*, 209 B.R. at 966 (real property lessors have the right to request adequate protection); *In re Attorneys Office Management, Inc.*, 29 B.R. 96, 98 (Bankr. C.D. Cal. 1983). Under the circumstances, the only form of adequate protection that would even approach acceptability would be timely cash payments equal to the amount of rent and charges accruing under the Lease for the use of the Premises for all dates subsequent to the Petition Date and prior to the effective date of rejection. The mere allowance of an administrative priority claim for unpaid post-petition rent and charges is not adequate protection. *In re Attorneys Office Management, Inc.*, *supra*, 29 B.R. at 99 ("In §361(3) it is made clear that an administrative claim under §503(b)(1) in itself will not constitute adequate protection.").

14. Additionally, Alderwood has been compelled to incur attorneys' fees to enforce its rights under the Lease and the Bankruptcy Code with respect to Debtor's default in the payment of September 2023 rent and charges, and such fees, authorized by Article 28 of the Lease, are recoverable as an administrative claim as well. *See*, *e.g.*, *In re MS Freight Distribution*, *Inc.*, *supra*, 172 B.R. at 978-979; *In re Pac-West Telecomm, Inc.*, 377 B.R. 119, 126 (Bankr. D. Del. 2007) (attorneys' fees for motion to compel payment of post-petition lease obligations); *In re Beltway Medical, Inc.*, 358 B.R. 448, 453-455 (Bankr. S.D. Fla. 2006); *see also Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S.Ct. 1199, 1203-1204 (2007) (holding that "an otherwise enforceable contract allocating attorney's fees ... is allowable in bankruptcy except where the Bankruptcy Code provides otherwise."). These attorneys' fees are approximately $1,000.00 and will only increase through the hearing on this Motion.

## V. NOTICE

15. Notice of this motion will be provided to counsel for Debtor, the Subchapter V Trustee, the Office of the United States Trustee, the parties on Debtor's proposed Master Service List, and all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## VI. NO PREVIOUS REQUEST FOR RELIEF

16. No previous request for the relief sought herein has been made by Alderwood to this or any other Court.

## VII. CONCLUSION

WHEREFORE, Alderwood hereby respectfully requests that upon due consideration this Court should grant the Motion and enter its order compelling the immediate (within three business days of the hearing) payment of the sum of $6,980.00 to Alderwood. Alderwood should further

be awarded its attorneys' fees incurred in connection with this Motion in the additional sum of at least $1,000.00 and such other and further relief as the Court deems fair, just and equitable.

RESPECTFULLY SUBMITTED this 28th day of September, 2023.

FROST BROWN TODD LLP

By: */s/ Mark A. Platt*
Mark A. Platt, Esq. (SBN 00791453)
2101 Cedar Springs Road
Rosewood Court Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473
mplatt@fbtlaw.com

-and-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: */s/ Ivan M. Gold*
Ivan M. Gold (*Pro Hac Vice to be filed*)
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415-837-1516
igold@allenmatkins.com

*Attorneys for Landlord Alderwood, L.L.C.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on September 28, 2023, a true and correct copy of the foregoing Motion was served via first class mail to all parties listed on the attached Service List and via the Court's Electronic Case Filing (ECF) system on counsel for Debtor, the Office of the United States Trustee, the Subchapter V Trustee and all parties registered to receive such service.

                                              */s/ Mark A. Platt*
                                                Mark A. Platt

| | | |
|---|---|---|
| Label Matrix for local noticing 0542-1<br>Case 23-10671-hcm<br>Western District of Texas<br>Austin | Steepologie, LLC<br>2110 Ranch Road 620 S 341929<br>Steepologie, LLC<br>Austin, TX 78734-0279 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| ALDERWOOD MALL L.L.C.<br>350 N. Orleans St Suite 300<br>Chicago, IL 60654-1607 | ALDERWOOD MALL L.L.C.<br>ALDERWOOD MALL L.L.C.<br>350 N. Orleans St<br>Chicago, IL 60654-1975 | ALDERWOOD Mall, LLC<br>ALDERWOOD Mall, LLC<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA 98104-7010 |
| Alvarez Plumbing and Air Conditioning<br>Alvarez Plumbing and Air Conditioning<br>1623 S 51st ST<br>Tampa, FL 33619-5327 | American Express<br>PO Box Box 981535<br>El Paso, TX 79998-1535 | Andrea Raetzer<br>2901 S Capital of Texas Hwy,<br>Austin, TX 78746-8101 |
| Barclays Card<br>Hawaaian Airlines World Elite<br>P.O. Box 8802<br>Wilmington, DE 19899-8802 | Bellweather Properties<br>c/o M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | Bellwether Properties<br>c/o M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 |
| Blueprint Capital REIT, Inc.<br>PO Box Box 16309<br>Seattle, WA 98116-0309 | JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Clear Finance Tech Corp.<br>Clear Finance Tech Corp CLEARCO CAPITAL<br>1200-33 Yonge Street<br>Toronto, Ontario, M5E 1G4 |
| (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | Equinox Properties Corp.<br>600 N 36th Street Suite 1<br>Seattle, WA 98103-8830 | Fashion Show Mall<br>c/o M.S., Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 |
| GGP Ala Moana LLC<br>GGP Ala Moana LLC<br>350 N. Orleans Street 300<br>Chicago, IL 60654-1607 | (p)REGENCY CENTERS<br>ATTN LEGAL DEPARTMENT<br>ONE INDEPENDENT DRIVE<br>SUITE 114<br>JACKSONVILLE FL 32202-5005 | Geneva Capital, LLC<br>1311 Broadway St.<br>Alexandria, MN 56308-2533 |
| Gibraltar, LLC<br>720 Seneca St. Suite B<br>Seattle, WA 98101-3265 | Green Hills Mall TRG LLC<br>200 East Long Lake Road Suite 300<br>Bloomfield Hills, MI 48304-2324 | Greenwood Park Mall, LLC<br>c/o M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 |
| Home Depot Credit Services<br>HOME DEPOT CREDIT SERVICES<br>P. 0. Box 790328<br>Saint Louis, MO 63179-0328 | INTERNATIONAL TEA IMPORTERS<br>INTERNATIONAL TEA IMPORTERS<br>2140 Davie Ave<br>Los Angeles, CA 90040-1706 | Joe Raetzer<br>2901 S Capital of Texas Hwy,<br>Austin, TX 78746-8101 |

| | | |
|---|---|---|
| Klaviyo, Inc.<br>125 Summer Street Floor 6<br>Boston, MA 02110-1641 | Lincoln Automotive Financial Services<br>Customer Service Center<br>P.O. Box 542000<br>Omaha, NE 68154-8000 | MALL AT ROCKINGHAM, LLC<br>MALL AT ROCKINGHAM, LLC<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 |
| Mall at Northshore, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | Mall at Smith Haven, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | Newport Centre, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 |
| Old Vine - Kingwood Associates, LLLP<br>c/o Old Vine Management Group, Inc.<br>1459 South Pearl Street<br>Denver, CO 80210-2226 | PAYCOR c/o CST Co.<br>PAYCOR c/o CST Co<br>PO Box 33127<br>Louisville, KY 40232-3127 | PAYPAL CREDIT/SYNCB<br>PAYPAL CREDIT/SYNCB<br>PO BOX 71707<br>Philadelphia, PA 19176-1707 |
| PUGET SOUND ENERGY<br>PUGET SOUND ENERGY<br>PO BOX 91269<br>92690 | Paypal, LLC<br>2211 North First Street<br>San Jose, California, CA 95131-2021 | Puget Sound Leasing Co., Inc.<br>P.O. Box 91269<br>Issaquah, WA 98027 |
| QUEST RESOURCE MANAGMENT GROUP LLC<br>P.O. Box 560261<br>The Colony, TX 75056-0261 | ROYAL TEA NEW YORK LLC<br>ROYAL TEA NEW YORK LLC<br>661 Hadley Road<br>South Plainfield, NJ 07080-2403 | RWS Facility Services<br>Dept. #40299<br>PO Box Box 740209<br>Atlanta, GA 30374-0209 |
| SA Galleria, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | SDG FASHION MALL LIMITED PARTNERSHIP,<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | SOU-TIER INC. (SAT)DBA<br>dba Robert F. Barnes<br>216 E. Rhapsody DR.<br>San Antonio, TX 78216-3114 |
| Simon Property Group (Texas), L.P.<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | Small Business Administration<br>Little Rock Loan Servicing<br>2120 Riverfront Drive, Suite 100<br>Little Rock, AR 72202-1794 | Southcenter Mall<br>WEA Southcenter LLC<br>2049 Century Park East, 41st Floor<br>Los Angeles, CA 90067-3101 |
| Tampa Westshore Associates<br>Tampa, FL | U.S. Dept. of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0009 | United States Attorney<br>Civil Processing Clerk<br>601 NW Loop 410 Ste 600<br>San Antonio, TX 78216-5512 |
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | WEA SOUTHCENTER LLC<br>WEA SOUTHCENTER LLC,<br>2049 Century Park East, 41st Floor<br>Los Angeles, CA 90067-3101 | WEBBANK (RE: SHOPIFY CAPITAL)<br>100 Shockoe Slip, 2nd Floor<br>Richmond, VA 23219-4100 |

Washington Department of Revenue
Washington Department of Revenue
2101 4th Ave
Seattle, WA 98121-2352

Westchester Mall, LLC
M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

YOTPO INC.
YOTPO INC.
233 Spring ST. 6th Floor West
New York, NY 10013-1522

Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731-2347

(u)Kings Perez Flooring
Kings Perez Flooring
kingsperezflooring@gmail.com

GRAND RIDGE PLAZA II, LLC,
c/o Regency Centers Corporation
One Independent Drive 114
Jacksonville, FL 32202-5019

Chase
Chase Bank
PO BOX 6294
Carol Stream, IL 60197-6294

Elan Financial Services
Elan Financial Services
PO Box 790408
Saint Louis, MO 63179

0144665.0777337   4868-4356-1859v1

**MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND OTHER APPROPRIATE RELIEF**                                                   **PAGE 3**