**Mark A. Platt**
Texas Bar No. 00791453
**FROST BROWN TODD LLP**
2101 Cedar Spring Road, Suite 900
Dallas, Texas 75202
Tel:  (214) 580-5852
Fax:  (214) 545-3473
Email:  mplatt@fbtlaw.com

**Ivan M. Gold** (*admitted Pro Hac Vice*)
California Bar No. 121486
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
Email:  igold@allenmatkins.com

**COUNSEL FOR LANDLORD
ALDERWOOD MALL L.L.C.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **STEEPOLOGIE, LLC,** | § | **Case No. 23-10671-HCM** |
| | § | |
| Debtor. | § | |

### REPLY OF ALDERWOOD MALL L.L.C. TO DEBTOR'S RESPONSE TO MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND OTHER APPROPRIATE RELIEF

Alderwood Mall L.L.C. ("Landlord"), in further support of its *Motion To Compel Payment of Post-Petition Rent and Other Appropriate Relief* [Docket No. 32] (the "Motion") respectfully submits this memorandum in reply to Debtor's *Response To Motion To Compel Payment of Post-Petition Rent and Other Appropriate Relief* [Docket No. 41] ("Response") as follows:

1. Debtor's Response to the Motion admits the essential facts, that monthly rent and charges for the month of September 2023 under the Lease[1] is the sum of $6,980.00 (Response at

---

[1] Capitalized terms not otherwise defined shall have the same meaning as set forth in the Motion.

¶ 5) and that Debtor failed to pay this sum on account of post-petition, pre-rejection rent. (Response at ¶ 6). The Lease was rejected effective September 30, 2023 [Docket No. 44].

2.     Debtor further admits that Landlord is entitled to an administrative claim for unpaid post-petition, pre-rejection rent but disputes Landlord's right to immediate payment under Bankruptcy Code section 365(d)(3). Instead, Debtor asserts, without citation to authority, that "[u]nder Subchapter V, a debtor is permitted to pay administrative claims over the life of its plan." (Response at ¶ 6.)

3.     Debtor is obviously referring to Bankruptcy Code section 1191(e), which permits, in a Subchapter V plan to provide for "payment through the plan of a claim of a kind specified in paragraph (2) or (3) of section 507(a) of this title." Bankruptcy Code section 507(a)(2) expressly refers, in pertinent part, to administrative expenses allowed under <u>section 503(b) of this title</u>." (Emphasis added.)

4.     But unpaid post-petition, pre-rejection rent does <u>not</u> give rise to an administrative expenses "allowed under section 503(b) of this title." This conclusion is supported by the plain language of Bankruptcy Code section 365(d)(3), providing that the debtor-in-possession is required ("shall") to timely perform obligations arising from and after the petition date under any unexpired real property lease until such lease is assumed or rejected "<u>notwithstanding</u> section 503(b)(1) of this title." (Emphasis added.)[2]

5.     Indeed, Debtor's argument that it is permitted to pay unpaid post-petition, pre-rejection rent "over the life of its plan" (Response at ¶ 6), is directly contrary to case law cited in

---

[2]    It is important to note that this is not a case involving "stub rent," i.e., the rent for the interim period between the day the order for relief was entered in the bankruptcy case and the end of that month." *In re Stone Barn Manhattan LLC*, 398 B.R. 359, 360 (Bankr. S.D.N.Y. 2008) (defining stub rent); *compare In re Appletree Markets, Inc*., 139 B.R. 417, 421 (Bankr. S.D. Tex. 1992). All of the unpaid rent at issue here came due after the Petition Date and prior to the effective date of rejection of the Lease.

the Motion and ignored in Debtor's Response. In *In re Seven Stars on Hudson Corp.*, 618 B.R.

333, 347 fn. 82 (Bankr. S.D. Fla. 2020), the bankruptcy court explicitly addressed this issue:

> Although new Bankruptcy Code section 1191(e) does permit payment of administrative expense claims under Section 503(b) through a plan (as opposed to the requirement for regular Chapter 11 cases that administrative expense claims be paid in full on the effective date of a plan, 11 U.S.C. § 1129(a)(9)(A) ), the unpaid administrative rent here is not the type of administrative expense claim that would qualify for this treatment under Section 1191(e). Section 1191(e) specifically refers to claims of a kind specified in paragraphs (2) or (3) of Section 507(a). Section 507(a)(2) then refers to administrative expenses allowed under Section 503(b) (and Section 507(a)(3) refers to claims arising under Section 502(f) in involuntary cases, which is not applicable here). Nowhere in Section 503(b), however, is any mention of post-petition rent obligations. That is because a debtor's obligation to pay post-petition rent is governed solely by Section 365, not by Section 503(b). As such, *even though new Section 1191(e) permits certain administrative expense claims to be paid out over the term of a plan, this provision undoubtedly does not apply to administrative rent.*

(Emphasis added.)

6.    Courts have warned against interpretations of Bankruptcy Code section 365(d)(3)

"as a debtor-tenant's weapon to fend off landlords seeking rent owed to them under the lease."

*Goody's Family Clothing, Inc. v. Mountaineer Prop. Co. II, LLC (In re Goody's Family Clothing, Inc.)*, 401 B.R. 656, 669 (D. Del. 2009), *aff'd In re Goody's Family Clothing, Inc.*, 610 F.3d 812

(3d Cir. 2010); *see also In re Pacific-Atlantic Trading Co.*, 27 F.3d 401, 405 (9th Cir. 1994)

(rejecting an interpretation of Section 365(d)(3) that would reward trustees [or debtors-in-

possession] for failing to timely perform lease obligations); *In re CEC Entertainment, Inc.*, 625

B.R. 344, 352 (Bankr. S.D. Tex. 2020) (Section 365(d)(3) "was added to the Bankruptcy Code to

prevent commercial lessors from unwillingly extending credit to debtor-lessees during the

pendency of a chapter 11 case.").

7.    There is no authority, and certainly none is cited by Debtor, allowing Debtor to

"finance" rent deferred under Section 365(d)(3) over the life of the case, only to be paid as an

administrative claim at plan confirmation. Indeed, Congress knows how to authorize such deferral,

as it did so as part of the 2020 amendment to Section 365(d)(3) (which "sunsetted" December 27,

2022), providing in subparagraph (B) that "[i]n a case under subchapter V of chapter 11," the time for performance could be extended for an additional period of 60 days upon a showing of "material financial hardship" due to COVID-19 pandemic.[3]  Rent deferred under former Section 365(b)(2)(B) was treated, pursuant to former Section 365(b)(2)(C), "as an administrative expense described in section 507(a)(2) for the purpose of section 1191(e)."   While these amendments expired last year by their terms, these provisions demonstrate "[a] familiar principle of statutory construction ... that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute." *Hamdan v. Rumsfeld*, 548 U.S. 557, 578, 126 S.Ct. 2749 (2006); *see also Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035 (1993) (… "where Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Bankruptcy Code section 365(d)(3) now contains no provision for extended repayment, confirmed by the legislative history of the statute.

8.     The only provision for deferral in the payment of post-petition, pre-rejection rent that remains in the Bankruptcy Code is contained in section 365(d)(3), providing that for "cause" shown, the bankruptcy court "may extend...the time for performance of any such [lease] obligation that arises within 60 days after the [petition] date..., but the time for performance shall not be extended beyond such 60 day period." The debtor has the burden of demonstrating cause for an extension of the performance obligation under Section 365(d)(3).  *See, e.g.*, *In re Pac-West Telecomm, Inc*., 377 B.R. 119, 126 (Bankr. D. Del. 2007) (denying debtor's request for an extension).

9.     But Debtor has not sought such relief here, simply exercising "self-help" through the non-payment of September 2023 rent and charges under the Lease, contrary to the mandate of

---

[3]     *See* 3 *Collier on Bankruptcy* (Matthew Bender 16th Ed. 2022) ¶ 365.LH[2][h], p. 365-124.

Section 365(d)(3). Even if the Debtor could make a belated showing of "cause," and this Court granted relief, the rent amounts due during the first sixty (60) days of this Chapter 11 case would be required to be paid by Debtor by October 24, 2023 – sixty (60) days after the Petition Date. *In re CEC Entertainment, Inc.*, *supra*, 625 B.R. at 352 (" … § 365(d)(3) expressly prohibits the Court from allowing extensions of more than sixty days after the order for relief.").

For the foregoing reasons, the Motion should be granted.

Dated:  October 23, 2023

/s/ Mark A. Platt
**MARK A. PLATT**
Texas Bar No. 00791453
mplatt@fbtlaw.com
**FROST BROWN TODD LLP**
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Phone: (214) 580-5852
Fax: (214) 545-3473

/s/ Ivan M. Gold
**IVAN M. GOLD** (*Admitted Pro Hac Vice*)
California Bar No.121486
igold@allenmatkins.com
**ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP**
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516

**COUNSEL FOR LANDLORD ALDERWOOD
MALL L.L.C.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 18, 2023, a true and correct copy of the foregoing Motion was served via first class mail to all parties listed on the attached Service List and via the Court's Electronic Case Filing (ECF) system on counsel for Debtor, the Office of the United States Trustee, the Subchapter V Trustee and all parties registered to receive such service.

*/s/ Mark A. Platt*
_____
Mark A. Platt

0144665.0777337   4879-6267-3800v1

Label Matrix for local noticing 0542-1
Case 23-10671-hcm
Western District of Texas
Austin

Steepologie, LLC
2110 Ranch Road 620 S 341929
Steepologie, LLC
Austin, TX 78734-0279

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

ALDERWOOD MALL L.L.C.
350 N. Orleans St Suite 300
Chicago, IL 60654-1607

ALDERWOOD MALL L.L.C.
ALDERWOOD MALL L.L.C.
350 N. Orleans St
Chicago, IL 60654-1975

ALDERWOOD Mall, LLC
ALDERWOOD Mall, LLC
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010

Alvarez Plumbing and Air Conditioning
Alvarez Plumbing and Air Conditioning
1623 S 51st ST
Tampa, FL 33619-5327

American Express
PO Box Box 981535
El Paso, TX 79998-1535

Andrea Raetzer
2901 S Capital of Texas Hwy,
Austin, TX 78746-8101

Barclays Card
Hawaaian Airlines World Elite
P.O. Box 8802
Wilmington, DE 19899-8802

Bellweather Properties
c/o M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

Bellwether Properties
c/o M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

Blueprint Capital REIT, Inc.
PO Box Box 16309
Seattle, WA 98116-0309

JPMORGAN CHASE BANK N A
BANKRUPTCY      MAIL      INTAKE
TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Clear Finance Tech Corp.
Clear Finance Tech Corp CLEARCO
CAPITAL
1200-33 Yonge Street
Toronto, Ontario, M5E 1G4

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Equinox Properties Corp.
600 N 36th Street Suite 1
Seattle, WA 98103-8830

Fashion Show Mall
c/o M.S., Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

GGP Ala Moana LLC
GGP Ala Moana LLC
350 N. Orleans Street 300
Chicago, IL 60654-1607

(p)REGENCY CENTERS
ATTN LEGAL DEPARTMENT
ONE INDEPENDENT DRIVE
SUITE 114
JACKSONVILLE FL 32202-5005

Geneva Capital, LLC
1311 Broadway St.
Alexandria, MN 56308-2533

Gibraltar, LLC
720 Seneca St. Suite B
Seattle, WA 98101-3265

Green Hills Mall TRG LLC
200 East Long Lake Road Suite 300
Bloomfield Hills, MI 48304-2324

Greenwood Park Mall, LLC
c/o M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

Home Depot Credit Services
HOME DEPOT CREDIT SERVICES
P. 0. Box 790328
Saint Louis, MO 63179-0328

INTERNATIONAL TEA IMPORTERS
INTERNATIONAL TEA IMPORTERS
2140 Davie Ave
Los Angeles, CA 90040-1706

Joe Raetzer
2901 S Capital of Texas Hwy,
Austin, TX 78746-8101

Klaviyo, Inc.
125 Summer Street Floor 6
Boston, MA 02110-1641

Lincoln Automotive Financial Services
Customer Service Center
P.O. Box 542000
Omaha, NE 68154-8000

MALL AT ROCKINGHAM, LLC
MALL AT ROCKINGHAM, LLC
225 West Washington Street
Indianapolis, IN 46204-3435

Mall at Northshore, LLC
M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

Mall at Smith Haven, LLC
M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

Newport Centre, LLC
M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

Old Vine - Kingwood Associates, LLLP
c/o Old Vine Management Group, Inc.
1459 South Pearl Street
Denver, CO 80210-2226

PAYCOR c/o CST Co.
PAYCOR c/o CST Co
PO Box 33127
Louisville, KY 40232-3127

PAYPAL CREDIT/SYNCB
PAYPAL CREDIT/SYNCB
PO BOX 71707
Philadelphia, PA 19176-1707

PUGET SOUND ENERGY
PUGET SOUND ENERGY
PO BOX 91269
92690

Paypal, LLC
2211 North First Street
San Jose, California, CA 95131-2021

Puget Sound Leasing Co., Inc.
P.O. Box 91269
Issaquah, WA 98027

QUEST RESOURCE MANAGMENT
GROUP LLC
P.O. Box 560261
The Colony, TX 75056-0261

ROYAL TEA NEW YORK LLC
ROYAL TEA NEW YORK LLC
661 Hadley Road
South Plainfield, NJ 07080-2403

RWS Facility Services
Dept. #40299
PO Box Box 740209
Atlanta, GA 30374-0209

SA Galleria, LLC
M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

SDG FASHION MALL LIMITED
PARTNERSHIP,
225 West Washington Street
Indianapolis, IN 46204-3435

SOU-TIER INC. (SAT)DBA
dba Robert F. Barnes
216 E. Rhapsody DR.
San Antonio, TX 78216-3114

Simon Property Group (Texas), L.P.
M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

Small Business Administration
Little Rock Loan Servicing
2120 Riverfront Drive, Suite 100
Little Rock, AR 72202-1794

Southcenter Mall
WEA Southcenter LLC
2049 Century Park East, 41st Floor
Los Angeles, CA 90067-3101

Tampa Westshore Associates
Tampa, FL

U.S. Dept. of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0009

United States Attorney
Civil Processing Clerk
601 NW Loop 410 Ste 600
San Antonio, TX 78216-5512

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

WEA SOUTHCENTER LLC
WEA SOUTHCENTER LLC,
2049 Century Park East, 41st Floor
Los Angeles, CA 90067-3101

WEBBANK (RE: SHOPIFY
CAPITAL)
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219-4100

Washington Department of Revenue
Washington Department of Revenue
2101 4th Ave
Seattle, WA 98121-2352

Westchester Mall, LLC
M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204-3435

YOTPO INC.
YOTPO INC.
233 Spring ST. 6th Floor West
New York, NY 10013-1522

Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731-2347

(u)Kings Perez Flooring
Kings Perez Flooring
kingsperezflooring@gmail.com

GRAND RIDGE PLAZA II, LLC,
c/o Regency Centers Corporation
One Independent Drive 114
Jacksonville, FL 32202-5019

Chase
Chase Bank
PO BOX 6294
Carol Stream, IL 60197-6294

Elan Financial Services
Elan Financial Services
PO Box 790408
Saint Louis, MO 63179