**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § § § § § § § § | Chapter 11 Case No. 23-10671-cgb |
| STEEPOLOGIE, LLC | | |
| Debtor | | |

**DEBTOR'S BRIEF IN SUPPORT OF
RESPONSE TO MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND
OTHER APPROPRIATE RELIEF**

COMES NOW Steepolologie, LLC and files this Brief in Support of Response to Motion to Compel Payment of Post-Petition Rent and Other Appropriate Relief and would show as follows:

Issue: What is the proper remedy for failure to timely pay post-petition rental obligations under 11 U.S.C. §365(d)(3)?

In this case it is undisputed that the Debtor owed rent to the Alderwood Mall for September 2023 and that the Debtor did not timely pay this rent. Section 365(d)(3) says that the trustee "shall timely perform all of the obligations of the debtor . . .arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." However, the Code does not state what the remedy for failure to make timely payment is. Movant Alderwood Mall views Section 365(d)(3) as creating a form of super priority claimant subject to immediate payment. However, the vast weight of authority holds that an unpaid landlord is entitled to an administrative claim under 11 U.S.C. Sec. 503(b)(1). In the context of a Subchapter V case, that administrative claim may be paid out over the life of the plan.

1

**There is no Stated Remedy for Violation of Section 365(d)(3)**

Many cases conclude that Section 365(d)(3) does not provide a remedy for its violation. *CIT Commun. Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.)*, 406 F.3d 229, 235 (4th Cir. 2005)( "While it is clear that § 365(d)(10) and § 365(d)(3) impose on a trustee the duty to perform all lease obligations in a timely manner, these sections do not specify a lessor's remedy should the trustee fail to perform."); *In re Simbaki, Ltd.,* 2015 Bankr. LEXIS 1142 (Bankr. S. D. Tex. 2015)( "The statute is silent, however, as to the precise remedies available to a landlord whose tenant ignores § 365(d)(3) and fails to pay post-petition rent."); *In re Bella Logistics, LLC*, 583 B.R. 674 (Bankr. W.D. Tex. 2018)("The statute is silent, however, as to the precise remedies available to a landlord whose tenant ignores § 365(d)(3) and fails to pay post-petition rent.

**What Should the Remedy Be?**

If a debtor intends to assume an unexpired lease but fails to timely pay post-petition rent, the court has several remedies available. Since a debtor must cure all arrearages prior to assuming an unexpired lease, it is clear that the debtor must pay the post-petition rent or forfeit the ability to assume the lease. As a result, the court could compel the debtor to pay the rent or deem the lease rejected. However, debtor has taken that remedy off the table by voluntarily rejecting the lease.

Chief Judge Craig Gargotta has rejected the argument that section 365(d)(3) creates an independent super priority for the reason that there would be no basis for treating a claim under section 365(d)(3) in a converted case. He found that

> it is unclear whether an independent §365(d)(3) administrative expense claim can be paid under the Bankruptcy Code. Id. "Section 507 of the Code, which sets forth the priority of payments in a bankruptcy case, gives high priority to 'administrative expenses allowed under section 503(b) of this title,' but makes no mention of claims under § 365(d).

583 B.R. at 681. Judge Gargotta concluded that the claim should be treated as an administrative

2

claim under 11 U.S.C. Sec. 503(b). This is in accord with the Fourth Circuit in *Midway*, Judge Marvin Isgur in *Simbaki* and Judge Barbara Hauser in In *In re Imperial Beverage Group, LLC*, 457 B.R. 490 (Bankr. N.D. Tex. 2011).

Alderwood Mall argues that the reference to "notwithstanding section 503(b)(1)" takes a claim under Sec. 365(d)(3) outside of section 503. However, as stated in 3 *Collier on Bankruptcy* ¶ 365.04[1][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011), the majority view is that the reference to "notwithstanding" means that the landlord need not prove that the amount of the rent was an "actual, necessary costs of preserving the estate" and would be entitled to an administrative expense for the contractual amount of the rent. As the District Court for the Western District of Texas stated, "Augusta contends, and most of the courts to address the issue have held, that Section 365(d)(3) plainly requires that unpaid nonresidential lease obligations be accorded priority status as an administrative expense of the estate, without proof of the necessity and benefit otherwise required by Section 503(b)(1)(A)." *Augusta Mall Partnership v. Twigland Fashions (In re Twigland Fashions),* 198 B.R. 199, 200 (W.D. Tex. 1996).

**Administrative Claims are Not Entitled to Immediate Payment in Subchapter V**

Once the Court determines that Alderwood Mall is entitled to an administrative claim under Section 503(b)(1)(A), then it becomes clear that immediate payment of the claim cannot be mandated. Under 11 U.S.C. Sec. 1191(e), "Notwithstanding section 1129(a)(9)(A) of this title, a plan that provides for the payment through the plan of a claim of a kind specified in paragraph (2) or (3) of section 507(a) of this title may be confirmed under section (b) of this section." Section 507(a)(2) refers to administrative claims under section 503(b). Thus, if a claim for post-petition rent is properly classified as an administrative claim under section 503(b), it may be paid out over the life of a plan and may not be compelled for immediate payment.

Alderwood Mall cites to *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333 (Bankr. S.D. Fl. 2020) for the contrary proposition. However, *Seven Stars* is not persuasive. *Seven Stars* was a case about whether the debtor may convert a pending case to Subchapter V after the applicable deadlines have passed. The Court's holding was that the Subchapter V deadlines may only be extended if the need for the extension is attributable to factors to which the debtor should not justly be held accountable. The Court found that the decision to convert to Subchapter V after the deadlines had expired was a factor entirely within the debtor's control. In a footnote, the Court offered its observations on rental obligations as dicta. The Court started out by stating that "(b)ecause the Court is basing its ruling on a plain reading of the applicable statutes and rules, the Court need not address MDG's vested rights and retroactivity arguments." *In re Seven Stars*, fn. 82. The Court stated that "administrative rent must be paid as a condition of assumption." *Id*. The court went on to state that the obligation to pay post-petition rent is found solely in section 365(d)(3) and not in section 503(b). However, the court did not discuss any case law in support of its position. *Seven Stars* is doubly dicta because first of all, it was not necessary to the holding and because the court was apparently dealing with a lease that the debtor wished to assume. It is clear that in order to assume a lease, a debtor must cure arrearages. However, this case involves a rejected lease where the vast weight of authority in this state holds that the claim is one under section 503(b)(1) and that therefore it may be paid out over the life of the plan.

Respectfully Submitted,

BARRON & NEWBURGER, P.C.

*/s/ Stephen W. Sather*
Stephen W. Sather (SBN 17657520)
ssather@bn-lawyers.com
7320 N. MoPac Expwy, Ste 400
Austin, Texas 78701-1837
Telephone: (512) 476-9103
Facsimile: (512) 476-9253

ATTORNEYS FOR THE DEBTOR

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing Response was served by first class mail, postage prepaid and properly addressed, on October 20, 2023 to all parties listed on the attached Service List, to the persons listed below by email and electronically by the Court's ECF system to all parties registered to receive such service.

*/s/ Stephen W. Sather*

5

```
Label Matrix for local noticing        Steepologie, LLC                         U.S. BANKRUPTCY COURT
0542-1                                  2110 Ranch Road 620 S  341929           903 SAN JACINTO, SUITE 322
Case 23-10671-hcm                       Steepologie, LLC                         AUSTIN, TX 78701-2450
Western District of Texas               Austin, TX 78734-0279
Austin
Fri Aug 25 14:10:17 CDT 2023

ALDERWOOD MALL L.L.C.                   ALDERWOOD MALL L.L.C.                    ALDERWOOD Mall, LLC
350 N. Orleans St Suite 300             ALDERWOOD MALL L.L.C.                    ALDERWOOD Mall, LLC
Chicago, IL 60654-1607                  350 N. Orleans St                        701 Fifth Avenue, Suite 3600
                                        Chicago, IL 60654-1975                   Seattle, WA 98104-7010


Alvarez Plumbing and Air Conditioning   American Express                          Andrea Raetzer
Alvarez Plumbing and Air Conditioning   PO Box Box 981535                         2901 S Capital of Texas Hwy,
1623 S 51st ST                          El Paso, TX 79998-1535                    Austin, TX 78746-8101
Tampa, FL 33619-5327


Barclays Card                           Bellweather Properties                    Bellwether Properties
Hawaaian Airlines World Elite           c/o M.S. Management Associates Inc.       c/o M.S. Management Associates Inc.
P.O. Box 8802                           225 West Washington Street                225 West Washington Street
Wilmington, DE 19899-8802               Indianapolis, IN 46204-3435               Indianapolis, IN 46204-3435


Blueprint Capital REIT, Inc.            (p)JPMORGAN CHASE BANK  N A               Clear Finance Tech Corp.
PO Box Box 16309                        BANKRUPTCY MAIL INTAKE TEAM               Clear Finance Tech Corp CLEARCO CAPITAL
Seattle, WA 98116-0309                  700 KANSAS LANE FLOOR 01                  1200-33 Yonge Street
                                        MONROE LA 71203-4774                      Toronto, Ontario, M5E 1G4


(p)US BANK                              Equinox Properties Corp.                  Fashion Show Mall
PO BOX 5229                             600 N 36th Street Suite 1                 c/o M.S., Management Associates Inc.
CINCINNATI OH 45201-5229                Seattle, WA 98103-8830                    225 West Washington Street
                                                                                  Indianapolis, IN 46204-3435


GGP Ala Moana LLC                       (p)REGENCY CENTERS                        Geneva Capital, LLC
GGP Ala Moana LLC                       ATTN LEGAL DEPARTMENT                     1311 Broadway St.
350 N. Orleans Street 300               ONE INDEPENDENT DRIVE                     Alexandria, MN 56308-2533
Chicago, IL 60654-1607                  SUITE 114
                                        JACKSONVILLE FL 32202-5005


Gibraltar, LLC                          Green Hills Mall TRG LLC                  Greenwood Park Mall, LLC
720 Seneca St. Suite B                  200 East Long Lake Road Suite 300         c/o M.S. Management Associates Inc.
Seattle, WA 98101-3265                  Bloomfield Hills, MI 48304-2324           225 West Washington Street
                                                                                  Indianapolis, IN 46204-3435


Home Depot Credit Services              INTERNATIONAL TEA IMPORTERS               Joe Raetzer
HOME DEPOT CREDIT SERVICES              INTERNATIONAL TEA IMPORTERS               2901 S Capital of Texas Hwy,
P. O. Box 790328                        2140 Davie Ave                            Austin, TX 78746-8101
Saint Louis, MO 63179-0328              Los Angeles, CA 90040-1706


Klaviyo, Inc.                           Lincoln Automotive Financial Services     MALL AT ROCKINGHAM, LLC
125 Summer Street Floor 6               Customer Service Center                   MALL AT ROCKINGHAM, LLC
Boston, MA 02110-1641                   P.O. Box 542000                           225 West Washington Street
                                        Omaha, NE 68154-8000                      Indianapolis, IN 46204-3435
```

| | | |
|---|---|---|
| Mall at Northshore, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | Mall at Smith Haven, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | Newport Centre, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 |
| Old Vine - Kingwood Associates, LLLP<br>c/o Old Vine Management Group, Inc.<br>1459 South Pearl Street<br>Denver, CO 80210-2226 | PAYCOR c/o CST Co.<br>PAYCOR c/o CST Co<br>PO Box 33127<br>Louisville, KY 40232-3127 | PAYPAL CREDIT/SYNCB<br>PAYPAL CREDIT/SYNCB<br>PO BOX 71707<br>Philadelphia, PA 19176-1707 |
| PUGET SOUND ENERGY<br>PUGET SOUND ENERGY<br>PO BOX 91269<br>92690 | Paypal, LLC<br>2211 North First Street<br>San Jose, California, CA 95131-2021 | Puget Sound Leasing Co., Inc.<br>P.O. Box 91269<br>Issaquah, WA 98027 |
| QUEST RESOURCE MANAGMENT GROUP LLC<br>QUEST RESOURCE MANAGMENT GROUP LLC<br>P.O. Box 560261<br>The Colony, TX 75056-0261 | ROYAL TEA NEW YORK LLC<br>ROYAL TEA NEW YORK LLC<br>661 Hadley Road<br>South Plainfield, NJ 07080-2403 | RWS Facility Services<br>Dept. #40299<br>PO Box Box 740209<br>Atlanta, GA 30374-0209 |
| SA Galleria, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | SDG FASHION MALL LIMITED PARTNERSHIP,<br>SDG FASHION MALL LIMITED PARTNERSHIP,<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | SOU-TIER INC. (SAT)DBA<br>dba Robert F. Barnes<br>216 E. Rhapsody DR.<br>San Antonio, TX 78216-3114 |
| Simon Property Group (Texas), L.P.<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | Small Business Administration<br>Little Rock Loan Servicing<br>2120 Riverfront Drive, Suite 100<br>Little Rock, AR 72202-1794 | Southcenter Mall<br>WEA Southcenter LLC<br>2049 Century Park East, 41st Floor<br>Los Angeles, CA 90067-3101 |
| Tampa Westshore Associates<br>Tampa, FL | U.S. Dept. of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0009 | United States Attorney<br>Civil Processing Clerk<br>601 NW Loop 410 Ste 600<br>San Antonio, TX 78216-5512 |
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | WEA SOUTHCENTER LLC<br>WEA SOUTHCENTER LLC,<br>2049 Century Park East, 41st Floor<br>Los Angeles, CA 90067-3101 | WEBBANK (RE: SHOPIFY CAPITAL)<br>WEBBANK (RE: SHOPIFY CAPITAL)<br>100 Shockoe Slip, 2nd Floor<br>Richmond, VA 23219-4100 |
| Washington Department of Revenue<br>Washington Department of Revenue<br>2101 4th Ave<br>Seattle, WA 98121-2352 | Westchester Mall, LLC<br>M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3435 | YOTPO INC.<br>YOTPO INC.<br>233 Spring ST. 6th Floor West<br>New York, NY 10013-1522 |
| Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N MoPac Expy, Suite 400<br>Austin, TX 78731-2347 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase<br>Chase Bank<br>PO BOX 6294<br>Carol Stream, IL 60197-6294 | Elan Financial Services<br>Elan Financial Services<br>PO Box 790408<br>Saint Louis, MO 63179 | GRAND RIDGE PLAZA II, LLC,<br>c/o Regency Centers Corporation<br>One Independent Drive 114<br>Jacksonville, FL 32202-5019 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Kings Perez Flooring
Kings Perez Flooring
kingsperezflooring@gmail.com

End of Label Matrix
Mailable recipients   57
Bypassed recipients    1
Total                 58